UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL ESTIVEN,

    Petitioner,

v.                                            CASE NO. 6:14-cv-531-Orl-37KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

This cause is before the Court on a petition for writ of habeas corpus ("Petition") filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Thereafter, Respondents filed a response to the Petition, arguing it was untimely. (Doc. 16). Petitioner filed a reply to the response. (Doc. 20). The Court subsequently entered an order concluding the petition was timely filed (Doc. 21). Respondents have filed a supplemental response to the merits of Petitioner's claims (Doc. 22). Petitioner has filed a reply (Doc. 24) and an amended reply (Doc. 26) to the supplemental response.

Petitioner alleges three claims for relief in the Petition. For the following reasons, the Petition denied.

### I.    Procedural History

Petitioner was charged by Indictment with two counts of first degree murder with a firearm (counts one and two) and two counts of kidnapping with intent to inflict bodily harm or terrorize with a firearm (counts three and four) (Doc. 17-1 at 4-6). A jury convicted

Petitioner as charged (Doc. Nos. 17-1 at 8-12; 23-2 at 180-82). The trial court sentenced Petitioner to four consecutive life sentences. *Id.* at 13-17. Petitioner appealed, and the Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 67.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. *Id.* at 69-76. The trial court entered an order striking the motion because the oath was not signed. *Id.* at 78-79. Petitioner subsequently filed an amended Rule 3.850 motion. *Id.* at 81-92. The trial court summarily denied the motion. *Id.* at 94-98. The Fifth DCA affirmed *per curiam*. (Doc. No. 17-2 at 28).

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court

2

decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

3

### B. Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.  ANALYSIS

#### A.  Claim One

Petitioner alleges trial counsel was ineffective for failing to properly investigate cellular telephone records and prepare a "credible defense" (Doc. 1 at 5). In support of this claim, Petitioner contends that if trial counsel had investigated State witness Dawn Gentry's ("Gentry") cellular telephone records, he would have discovered that Petitioner did not make a phone call to Gentry nor did he meet her in Apopka and confess to killing the victims (Doc. 2 at 5).

Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (Doc. 17-1 at 83-84). The trial court summarily denied the claim pursuant to *Strickland*, finding that the issue of whether Petitioner called Gentry was a collateral matter because Gentry testified that Petitioner told her he committed the crimes. *Id.* at 96. The trial court stated that "[e]ven if counsel had been able to refute Ms. Gentry's claim that Defendant called her prior to the first meeting, this would not have refuted her testimony regarding the admissions." *Id.* The trial court concluded Petitioner could not demonstrate prejudice. *Id.* The Fifth DCA affirmed *per curiam* (Doc. 17-2 at 28).

5

During trial, the State called Gabriel Dominguez ("Dominguez"), an employee of T-Mobile USA, to testify regarding cellular telephone records (Doc. 23-1 at 211). Dominguez investigated the telephone records for number 321-945-1773, which was Petitioner's telephone number. *Id.* at 218, 262. Dominguez testified that three telephone calls were made from Petitioner's phone in Apopka, Florida, around 3:15 p.m. on February 23, 2005. *Id.* at 226-28. On cross-examination, Dominguez stated that there was no way of knowing who made the phone calls. *Id.* at 241. The victim's bodies were found on Keene Road in the Ocoee/Apopka area. *Id.* at 301. Petitioner initially denied being in Apopka, Florida on February 23, 2005. *Id.* at 301-16. Petitioner later told police that he had made three trips to Apopka with the victims and left the vehicle they had driven somewhere near the Ocoee/Apopka area. *Id.* at 326-27, 331-32.

Gentry testified that on February 23, 2005, Petitioner called her via cellular telephone sometime after 12:00 p.m. and asked to meet her in Apopka, Florida. *Id.* at 95. When they met, Petitioner appeared upset, wanted to get rid of his clothes and shoes, and told her that he had killed the victims. *Id.* at 96-97. While Gentry did not testify as to her telephone number, she testified that she was contacted by Petitioner several days later, at which time he asked her to give him an alibi for February 23, 2005. *Id.* at 97-98.

Based upon the facts adduced at trial, it was not unreasonable for trial counsel to forego investigating Gentry's telephone records. The issue of whether Petitioner called Gentry on February 23, 2005, was a collateral matter, and any evidence obtained would not have refuted Gentry's testimony that Petitioner admitted committing the crimes.

6

Therefore, counsel's actions do not amount to deficient performance.

Furthermore, the trial court made a finding that even if counsel acted deficiently, no prejudice resulted. Petitioner has not shown that this finding was based on an unreasonable determination of the facts in light of the evidence presented at trial. During closing argument, defense counsel argued that the telephone records did not prove beyond a reasonable doubt that Petitioner called Gentry on February 23, 2005 (Doc. 23-2 at 117). Even if further investigation into the telephone records revealed that Petitioner had not called Gentry on February 23, 2005, Petitioner admitted to police that he had been in or near Apopka on February 23, 2005.[2]

Additionally, Gentry testified that she met with Petitioner on another occasion in which he made incriminating statements by asking her to give him an alibi for February 23, 2005. Moreover, Michelle Dennis testified that a week prior to the crimes, Petitioner had threatened to kill the victims (Doc. 23-1 at 49). Therefore, Petitioner cannot demonstrate that but for counsel's actions, the result of the trial would have been different in light of the evidence presented. The state court's denial of this claim was not contrary to or an unreasonable application of *Strickland*. Accordingly, claim one is denied pursuant to § 2254(d).

**B.    Claim Two**

---

[2] The Court notes that Petitioner told police that he and the victims were being chased by four men, and he ran from the vehicle while one of the victims pointed a gun at the men. *Id.* at 304-05, 327-29. Petitioner denied committing the crimes. *Id.* at 309-38.

7

Petitioner argues trial counsel was ineffective for failing to investigate or interview potential witnesses (Doc. 1 at 7). Petitioner asserts that Diane Valdes ("Valdes") was available to testify at trial and her testimony would have greatly impeached Gentry's testimony. *Id.* Petitioner raised this claim in his amended Rule 3.850 motion for post-conviction relief (Doc. 17-1 at 85-86). The trial court summarily denied this claim, noting that defense counsel deposed Valdes and she stated that she was with her mother all day on February 23, 2005, and did not remember anything. *Id.* at 97. The trial court concluded that Petitioner could not demonstrate prejudice because there was no indication that Valdes' testimony would have impeached Gentry's testimony. *Id.* The Fifth DCA affirmed *per curiam* (Doc. 17-2 at 28).

Petitioner has not demonstrated that he is entitled to relief with respect to this claim. "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted); *Wright v. Sec'y, Dep't of Corr.*, No. 6:08-cv-618-Orl-35DAB, 2009 WL 5176558, at *3 (M.D. Fla. Dec. 23, 2009). Petitioner's claim is speculative because he has not presented an affidavit from this witness. Therefore, Petitioner has not made the requisite factual showing, and his self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Alternatively, the Court notes that Petitioner cannot demonstrate deficient

8

performance or prejudice. Counsel investigated Valdes, but she stated during her deposition that she did not remember what happened on February 23, 2005, other than being with her mother (Doc. 23-5 at 23). Petitioner has not shown that Valdes' testimony would have impeached Gentry's testimony or helped the defense in any way. Even assuming Valdes' testimony would have impeached Gentry's testimony that Valdes was in the car with Petitioner and the victims on the morning the crimes were committed, this would not refute Gentry's testimony that Petitioner admitted he had committed the crimes and needed an alibi. Additionally, Valdes' testimony would not refute the evidence indicating that Petitioner was in Apopka near where the victims' bodies were discovered. The state court's denial of this claim was neither contrary to nor an unreasonable application of *Strickland*. Thus, claim two is denied pursuant to § 2254(d).

### C.   Claim Three

Petitioner raises a claim of cumulative error (Doc. 1 at 8). Although the cumulative effect of several errors that are harmless by themselves could result in prejudice, *United States v. Preciado-Cordoba*, 981 F.2d 1206, 1215 n.8 (11th Cir. 1993), in addressing a claim of cumulative error, the trial as a whole must be examined to determine whether Petitioner's trial was fundamentally unfair. *Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004). The Court has considered the cumulative effect of Petitioner's ineffective assistance of counsel claims and concludes that he cannot demonstrate cumulative error sufficient to entitle him to habeas relief. Therefore, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found

to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Samuel Estiven (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability.

3. The Clerk of the Court is directed to enter judgment and close the case.

**DONE AND ORDERED** in Orlando, Florida, this 24th day of May, 2016.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-3 5/24
Counsel of Record
Samuel Estiven

11